UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN MATA

       Plaintiff,

v.                                                    Civ. No. _____

WAL-MART STORES, INC., d/b/a
WAL-MART STORE #0826

       Defendant,

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, East L.P. ("Wal-Mart"), incorrectly named by Plaintiff in his Complaint as "Wal-Mart Stores Inc.[1]", by and through counsel, hereby removes the above-captioned action from the Eleventh Judicial District Court, County of San Juan, State of New Mexico, to the United States District Court for the District of New Mexico, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds therefore, Wal-Mart states:

**I.  WAL-MART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

1. On March 23, 2010, Plaintiff filed his Complaint For Damages For Breach of Warranty, Negligence and Personal Injury, Breach of Contract and Insurance Bad Faith in the State of New Mexico, County of San Juan, Eleventh Judicial District Court, Cause No. CV 2010-00535 naming Wal-Mart Stores, Inc., and Geico Casualty Company as Defendants. The claims against Geico Casualty Company have since been dismissed.

---

[1] Plaintiff also names Wal-Mart Store # 826 as an individual defendant. However, store # 826 which is located in Farmington, New Mexico is owned and operated by Wal-Mart Stores East, L.P.

*See* Exhibit A. A true and correct copy of the Complaint in the state action is attached and included in Exhibit B.

2. The Complaint was initially served on the Secretary of State, despite Wal-Mart having a registered agent in New Mexico. Then, the Secretary of State mailed the Complaint to Wal-Mart's home office on November 9, 2010, via registered mail. A copy of the Service of Process Transmittal Form is attached hereto as Exhibit C.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441 and § 1446(b) because it is filed within 30 days after receipt by Defendant Wal-Mart of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the District Court and division embracing the place where this action is pending.

5. Pursuant to 28 U.S.C. § 1446(b), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of Court for the Eleventh Judicial District, County of San Juan, State of New Mexico.

6. Under the applicable provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446(b) and other applicable statutes, all of which Defendant Wal-Mart has complied with, this cause of action is removable to the United States District Court for the District of New Mexico.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action, there is complete diversity of the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**A. The Complete Diversity of Citizenship Requirement Is Satisfied**

8. There is complete diversity between Plaintiff and Wal-Mart.

9. Wal-Mart is and was at the time Plaintiff commenced this action a citizen of the State of Arkansas for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

10. Upon information and belief, Plaintiff is and was at the time this suit was filed a citizen of the State of New Mexico and resident of San Juan County. See Complaint at ¶ 2.

**B. The Amount in Controversy Requirement Is Satisfied**

11. In addition to the diversity reasons for removal, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 28 U.S.C. § 1441 because the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a), as amended. Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

13. Plaintiff alleges that, after having his front tires replaced at Wal-Mart, "the steering wheel stated shaking violently and he lost control of the vehicle and went off the roadway, hitting a tree near the right side of the road." *See* Complaint, ¶ 9. Plaintiff further alleges that, as a result of this incident, he suffered significant and permanent

injuries and damages. *See* <u>id.</u> ¶10.  Plaintiff seeks damages from Defendant in an unstated amount as follows:

    a.    Damages for replacement of the tires purchased from Wal-Mart;

    b.    Such damages as may have arisen from Wal-Mart's breach of warranty;

    c.    Damages for loss of the Plaintiff's automobile and loss of use of the automobile caused by Wal-Mart's breach of warranty and negligence;

    d.    Damages for physical injury caused by Wal-Mart's breach of warranty and negligence, including past and future loss of wages, past and future pain and suffering, past and future loss of physical capacities and past and future loss of enjoyment of life and household services.

    e.    Punitive or exemplary damages for Wal-Mart's ''negligent, wonton, willful reckless endangerment of the Plaintiff in order to compensate the Plaintiff and deter such future conduct by Wal-Mart or others.

    f.    For such attorney fees and costs as may be awarded by the Court under the law or by contract.

    g.    For such further relief as the Court deems just and proper.

*See id.*, Prayer for Relief.

14.    Without in any manner passing on the merits of the Plaintiff's claims and only taking into account the kinds of compensatory damages Plaintiff seeks as well as the

compensatory damages awarded in similar cases, the Court can reasonably conclude that the Plaintiff's verdict could easily exceed $75,000.00, and in fact does exceed $75,000. *See Ransom v. Wal Mart Stores, Inc.,* 920 F. Supp. 176, 177 (M.D.Ga. 1996) ("[d]efendant can satisfy its burden of proof [on removal] by showing that the Plaintiffs' verdict reasonably may exceed" the required amount in controversy); *Bolling v. Union Nat'l Life Ins. Co.,* 900 F. Supp 400, 405 (M.D. Ala. 1995) ("[i]n view of awards rendered in similar cases [the] defendant has met its burden of producing sufficient evidence [on removal] to convince this court that the amount in controversy is greater than $50,000 exclusive of costs and interest, and therefore the jurisdictional requirements have been met in this case"). Moreover, awards exceeding $75,000 for similar personal injury claims are not uncommon.[2]

15.     Plaintiff claims that his injuries justify an award of "lost wages" and "loss of earning capacity" which, in turn, alleges that his ability to work was somehow negatively affected. See Complaint, Prayer for Relief. Claims for loss of future earnings can result in significant damages well beyond the jurisdictional threshold of this Court. *See, e.g., Martinez v. Safeco Ins. Co.*, 108 N.M. 385, 387, 772 P.2d 1308, 1310 (Ct. App. 1988) (plaintiff, a member of the Plumbers and Pipefitters Union, presented opinion

---

[2] *See, e.g., Weissman v. South Motor Company of Dade County D/B/A South Motors, et al.*, 1999 FL Jury Verdicts Review LEXIS 702 (Verdict and Settlement Summary) (Fla. Dist. April 20, 1995) ($83,500 verdict for female in her 40's with neck and back injuries resulting from alleged failure of an automotive repair service to properly inspect her vehicle and detect a brake problem); *Joseph Conte v. Allied Tires, Inc. and Performance Ford, Inc.,* Florida Jury Verdict Reporter Reference No. 92:12-50 (Verdict and Settlement Summary) (Fla. Dist. Feb 07, 1992) ($150,00 award in negligence installation of tires action with claims of personal injury and lost wages, despite plaintiff's admission to drinking alcohol before driving and having a BAC of .237); *Yucius v. Venturi*, 2006 Nat. Jury Review LEXIS 1746 (Verdict and Settlement Summary) (N.J. Dist. November, 2006) ($1,250,000 verdict after plaintiff was forced to swerve into a tree after being cut off by defendant, suffering head and neck injuries); *Dionne February v. Epicurean Soap LLC and Brian Thigpen,* 2008 MD Metro Verdicts Monthly LEXIS 746 (Verdict and Settlement Summary) (M.D. Dist. September 11, 2008) (Verdict of $154,384 for plaintiff's claims related to being forced off the road into a tree. Plaintiff alleged knee and shoulder injuries as well as trauma induced epilepsy.).

testimony of impaired future earnings over $1.1 million), *cert. denied*, 108 N.M. 273, 771 P.2d 981 (1989); *Southard v. Fox*, 113 N.M. 774, 775, 883 P.2d 251, 252 (Ct. App. 1992) (evidence of lost earning capacity showed damages between $284,000 and $355,000).

16. Because the amount in controversy requirement is met here and, as shown above, there is complete diversity of citizenship between the parties, removal of this case to this Court is appropriate.

17. Defendant Wal-Mart has, pursuant to 28 U.S.C. § 1446(a), attached hereto, as Group Exhibit B, all the state court process, pleadings, and orders served upon it. This Notice of Removal is filed within thirty days after receipt by Defendant Wal-Mart of a paper from which it could first be ascertained that the case was one which was removable, in compliance with 28 U.S.C. § 1446(b).

18. This Notice of Removal is submitted in lieu of filing an answer in the Second Judicial District Court, County of Bernalillo, State of New Mexico under the New Mexico Rules of Civil Procedure.

19. Pursuant to 28 U.S.C. § 1446(d), Defendant Wal-Mart will promptly give notice of removal to the Clerk of the Second Judicial District Court as well as Plaintiff's counsel.

WHEREFORE, Defendant Wal-Mart respectfully requests that this Court assume full jurisdiction over the action as provided by law.

          MODRALL, SPERLING, ROEHL, HARRIS
            & SISK, P.A.

By:   */s/ Daniel M. Hill*
      H. Jesse Jacobus III
      Daniel M. Hill
      Tiffany L. Roach
      Attorneys for Wal-Mart
      Post Office Box 2168
      500 Fourth Street NW, Suite 1000
      Albuquerque, New Mexico  87103-2168
      Telephone: 505.848.1800

WE HEREBY CERTIFY that a true and correct copy of the foregoing pleading was mailed to the following counsel of record the 2nd day of December, 2010:

Attorney for Plaintiff:

Dennis W. Montoya, Esq.
P.O. Box 15235
Rio Rancho, NM 87174-0235
(505) 246-8499

MODRALL, SPERLING, ROEHL, HARRIS
   & SISK, P.A.

By:   */s/ Daniel M. Hill*
      Daniel M. Hill

*K:\DOX\CLIENT\75301\323\W1378511.DOCX*