STATE OF NEW MEXICO
COUNTY OF SAN JUAN
ELEVENTH JUDICIAL DISTRICT COURT

DISTRICT COURT
SAN JUAN COUNTY NM
FILED

2010 MAR 23 AM 10 00

JUAN MATA,

  Plaintiff,

vs.  No. D-1116 CV 2010-535-6

WAL-MART STORES, INC., d/b/a
WAL-MART STORE #0826, and
GEICO CASUALTY COMPANY,

  Defendants.

## COMPLAINT FOR DAMAGES
## FOR BREACH OF WARRANTY,
## NEGLIGENCE AND PERSONAL INJURY,
## BREACH OF CONTRACT AND INSURANCE BAD FAITH

**COMES NOW** the Plaintiff, through his attorney, Dennis W. Montoya, and complaining of Defendants, **STATES:**

### JURISDICTION, VENUE AND PARTIES

1. All events material to this action occurred in Farmington New Mexico, and jurisdiction and venue reside therein.

2. At all times material herein Plaintiff was a resident of Farmington, New Mexico.

3. At all times material herein Defendant Wal-Mart Stores, Inc. ("Wal-Mart") was a foreign corporation duly registered and doing business in the state of New Mexico and operating a chain of retail stores, including Wal-Mart Store #0826, located in Farmington, New Mexico.

4. The Plaintiff's claims against Wal-Mart are based upon a breach of express and implied warranty of workmanship in replacing the Plaintiff's tires on his automobile, and negligence in the placement of the tires causing an accident and resulting injury and property loss.


EXHIBIT B

5. Defendant GEICO Casualty Company was at all times material herein a foreign automobile insurer duly registered and authorized under the laws of New Mexico to offer and sell automobile insurance within the state and was the automobile liability insurer of the automobile driven by the Plaintiff at the time of the automobile accident described below, and is named as a Defendant herein under the laws of New Mexico providing for a direct cause of action by the Plaintiff and for breach of the contract of insurance.

6. the Plaintiff's claims against GEICO are based upon a common law breach of the insurance contract, and a failure to pay a valid claim, and; claims under the Unfair Trade Practices Act, N.M.S.A. 1978 § 57-10-1, et seq., and violations of the New Mexico Insurance Code, N.M.S.A. 1978 § 59A-16-1, et seq. defining unfair trade practices of insurers.

## FACTS COMMON TO ALL COUNTS

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

**Claims Against Wal-Mart.**

7. On March 31, 2007, the Plaintiff took his 1998 Cadillac automobile into Wal-Mart Store #0826 and purchased new front tires for the vehicle.

8. Defendant Wal-Mart's employees mounted the new tires and attached them to the front of the Plaintiff's vehicle.

9. On March 31, 2009, at approximately 2:00 p.m., about an hour after the tires were mounted and placed on the Plaintiff's automobile by Wal-Mart, the Plaintiff was driving the automobile in a careful and lawful manner South on Pinon Blvd. in Farmington when the steering wheel started shaking violently and he lost control of the vehicle and went off of the roadway, hitting a tree near the right side of the road.

10.     The Plaintiff suffered injury and pain in his head, back, neck and left hip as a result of the collision with the tree.

11.     The Plaintiff's injuries from the accident includes severe back, neck and hip pain, and a head injury that causes him to lose consciousness at times and interferes with his ability to reason and remember.

12.     The Plaintiff was unable to work or acquire employment during the times he was incapacitated from his injuries and has suffered past and future loss of wages and benefits.

13.     The Plaintiff's injuries caused by Defendant Wal-Mart have caused the Plaintiff past and future pain and suffering, past and future loss of physical capacities and loss of enjoyment of life, and loss of household services.

14.     The Plaintiff's automobile suffered serious damage and had to be towed from the scene and stored in an impoundment lot.

15.     While inspecting the automobile at the time it was towed, the Plaintiff learned that the front passenger-side wheel was missing three (3) lug nuts, and that the two (2) lug nuts that were attached were loose.

16.     No person had touched the front tires of the vehicle since Wal-Mart had mounted them shortly before the accident.

17.     Wal-Mart employees had negligently failed to place the lug nuts on the front passenger-side tire, and had negligently failed to tighten the lug nuts properly when they mounted the tire shortly before the accident, causing some of the lug nuts to be missing or detached from the wheel, and others to be loose, thereby causing the accident.

18.     Wal-Mart further failed in its workmanship by failing to inspect the installation of the Plaintiff's tires to ensure that they were properly installed.

19. Wal-Mart had exclusive control of the process of replacing the Plaintiff's front tires and there was no intervening cause for the front passenger-side tire to fail or to become loose except for the negligence of Wal-Mart.

20. The agreement between the Plaintiff and Wal-Mart to purchase front tires and for the mounting of the tires and placement of the vehicle contained an express and implied warranty of good workmanship and that the tires would be placed on the Plaintiff's vehicle in a competent and safe manner in order to avoid danger to the Plaintiff and damage to his automobile.

21. The workmanship of Wal-Mart in placing the tire on the Plaintiff's vehicle was defective or faulty and done in such a manner that the stress of ordinary operation of the vehicle would cause the tire to become separated from the vehicle, causing the Plaintiff to lose control of the vehicle.

22. As a direct and proximate result of the breach of warranty by Wal-Mart, the Plaintiff suffered injury and property loss as mentioned herein.

23. Wal-Mart had a duty of due care to place the tire on the Plaintiff's vehicle in a careful and safe manner, and to inspect the installation of the wheels, and negligently failed in that duty directly resulting in injury to the Plaintiff and damage to the Plaintiff's vehicle.

24. As a direct and proximate result of the negligence of Wal-Mart, the Plaintiff suffered injury and property loss as mentioned herein.

25. The failure of Wal-Mart to install or properly tighten the lug nuts on the Plaintiff's front tire, or to inspect the work performed was heedless and wanton, and done with reckless disregard for the safety of the Plaintiff, and with the knowledge that a failure of the front wheels could cause a serious injury to the Plaintiff and others.

**Claims Against GEICO.**

26.  As mentioned above, Defendant GEICO was the automobile insurer for the Plaintiff, and issued a contract of insurance or insurance policy that was in effect at the time of the automobile accident mentioned herein.

27.  The selection of GEICO as the Plaintiff's insurer was based upon advertisements and representations of CEICO and its agents as to the insurer's fair and competent management, settlement and payment of valid claims under GEICO automobile policies.

28.  The terms of the aforementioned GEICO insurance policy insured the Plaintiff for liability of the Plaintiff and damage to the Plaintiff's automobile where these events were the result of an automobile accident, and included uninsured/underinsured coverage.

29.  The Plaintiff gave timely notice of the accident to GEICO and claimed coverage.

30.  The Plaintiff provided GEICO with statements and documents related to his claim, including the information pointing to the culpability of Wal-Mart in leaving the lug nuts loose on the front tire.

31.  GEICO conducted a cursory and inadequate investigation of the Plaintiff's claim and denied the claim based upon the bare allegation that the accident was the Plaintiff's fault.

32.  The denial of the claim by GEICO was without a reasonable explanation as to the conclusions reached in refusing coverage.

33.  The Plaintiff's automobile was damaged to a point that it was a total loss and GEICO has refused to abide by the contractual agreement in the Plaintiff's insurance policy to pay for the automobile or replace it.

34.  As a direct result of the unfair practices of GEICO, the Plaintiff has suffered loss of his automobile and loss of use of the automobile since the accident.

**COUNT I**

## BREACH OF WARRANTY
## (WAL-MART)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

35. The Plaintiff breached the express and implied warranty of workmanship by improperly installing the Plaintiff's tire and wheel on his automobile, and to inspect the placement of the wheels as mentioned herein.

36. The breach of warranty by Wal-Mart resulted in injury and property loss to the Plaintiff as mentioned above.

**WHEREFORE**, the Plaintiff respectfully requests the Court award such damages as may be found by a finder-of-fact in this matter as follows:

   a. Damages for replacement of the tires purchased from Wal-Mart.

   b. Such damages as may have arisen from Wal-Mart's breach of warranty.

   c. Damages for loss of the Plaintiff's automobile and loss of use of the automobile caused by Wal-Mart's breach of warranty and negligence.

   d. Damages for physical injury caused by Wal-Mart's breach of warranty and negligence, including past and future loss of wages, past and future pain and suffering, past and future loss of physical capacities and past and future loss of enjoyment of life and household services.

   e. Punitive or exemplary damages for Wal-Mart's negligent, wonton, willful reckless endangerment of the Plaintiff in order to compensate the Plaintiff and deter such future conduct by Wal-Mart or others.

   f. For such attorney fees and costs as may be awarded by the Court under the law or

   by contract.

g. For such further relief as the Court deems just and proper.

## COUNT II
## NEGLIGENCE
## (WAL-MART)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

37. Wal-Mart had a duty of due and reasonable care to properly attach the Plaintiff's wheels to his automobile in a competent and safe manner, and to inspect the work in order to avoid injury to the Plaintiff and property loss.

38. Wal-Mart negligently, wantonly and willfully failed to properly replace, attach or tighten the lug nuts attaching the wheel to the Plaintiff's automobile after replacing the tires, or to inspect the work performed, and caused the injuries to the Plaintiff and the property loss described above.

**WHEREFORE**, the Plaintiff respectfully requests the Court award such damages as may be found by a finder-of-fact in this matter as follows:

a. Damages for replacement of the tires purchased from Wal-Mart.

b. Such damages as may have arisen from Wal-Mart's breach of warranty.

c. Damages for loss of the Plaintiff's automobile and loss of use of the automobile caused by Wal-Mart's breach of warranty and negligence.

d. Damages for physical injury caused by Wal-Mart's breach of warranty and negligence, including past and future loss of wages, past and future pain and suffering, past and future loss of physical capacities and past and future loss of enjoyment of life and household services.

e. Punitive or exemplary damages for Wal-Mart's negligent, wonton, willful reckless endangerment of the Plaintiff in order to compensate the Plaintiff and deter such future conduct by Wal-Mart or others.

f. For such attorney fees and costs as may be awarded by the Court under the law or by contract.

g. For such further relief as the Court deems just and proper.

## COUNT III
## BREACH OF CONTRACT
## (GEICO)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

39. As shown above, GEICO has wrongfully failed and refused to pay the Plaintiff's valid claim for property damage to his automobile as required by the insurance policy mentioned herein.

40. As a result of GEICO's breach of contract, the Plaintiff is entitled to damages in the form of payment for his automobile, loss of use of the automobile and damages suffered as a consequence of GEICO's failure to pay.

**WHEREFORE**, the Plaintiff respectfully requests the Court award such damages as may be found by a finder-of-fact in this matter as follows:

a. Damages for breach of contract and payment for the value of the Plaintiff's automobile.

b. Such damages as may have arisen from GEICO's breach of contract including loss of use of the Plaintiff's automobile and other such consequential damages as may have arisen.

c. Such damages as may have arisen from GEICO's misrepresentation of its claims policies and procedures, including payment for the Plaintiff's automobile and loss of use of the automobile, and other such consequential damages as may have arisen.

d. Damages for unfair trade practices and bad faith as may be found pursuant to state law, including payment for the Plaintiff's automobile, loss of use of the Plaintiff's automobile and other such consequential damages as may have arisen.

e. For treble damages as may be awarded by state law.

f. Damages for insurance bad faith or violation of prohibited insurance practices such as inadequate investigation of the Plaintiff's claim resulting in denial and failure to pay a claim valid on its face requiring litigation by the Plaintiff to recover.

g. For such attorney fees and costs as may be awarded by the Court under the law or by contract.

h. For such further relief as the Court deems just and proper.

## COUNT IV
## VIOLATION OF THE UNFAIR TRADE PRACTICES ACT
## (GEICO)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

41. Through advertising and personal assurances GEICO has misrepresented its claims policies and coverage to the Plaintiff, inducing him into purchasing an insurance policy that he reasonably expected would cover him in the circumstances of the accident described in this action, in violation of statutes imposing liability upon businesses for unfair and oppressive

practices.

42. As shown above, GEICO has wrongfully and unfairly failed and refused to pay the Plaintiff's valid claim for property damage to his automobile as required by the insurance policy mentioned herein, and has negligently or inadequately investigated the Plaintiff's claim, resulting in a denial of said claim, in violation of statutes imposing liability upon businesses for unfair and oppressive practices.

43. GEICO has acted oppressively and without regard for its duties and promises contained in its representations of coverage and claims, and has ignored and violated its duties as expressed in the contract of insurance mentioned herein.

44. As a result of the wrongful, unfair and oppressive failure of GEICO to pay the valid claim of property damage, the Plaintiff has suffered property loss as described herein and is entitled to recovery.

**WHEREFORE,** the Plaintiff respectfully requests the Court award such damages as may be found by a finder-of-fact in this matter as follows:

    a. Damages for breach of contract and payment for the value of the Plaintiff's automobile.

    b. Such damages as may have arisen from GEICO's breach of contract including loss of use of the Plaintiff's automobile and other such consequential damages as may have arisen.

    c. Such damages as may have arisen from GEICO's misrepresentation of its claims policies and procedures, including payment for the Plaintiff's automobile and loss of use of the automobile, and other such consequential damages as may have arisen.

  d. Damages for unfair trade practices and bad faith as may be found pursuant to state law, including payment for the Plaintiff's automobile, loss of use of the Plaintiff's automobile and other such consequential damages as may have arisen.

  e. For treble damages as may be awarded by state law.

  f. Damages for insurance bad faith or violation of prohibited insurance practices such as inadequate investigation of the Plaintiff's claim resulting in denial and failure to pay a claim valid on its face requiring litigation by the Plaintiff to recover.

  g. For such attorney fees and costs as may be awarded by the Court under the law or by contract.

  h. For such further relief as the Court deems just and proper.

## COUNT V
## INSURANCE BAD FAITH
## (GEICO)

The Plaintiff re-alleges the allegations and statements in the previous paragraphs herein and further states:

45. The denial of the Plaintiff's claim by GEICO was in bad faith and resulting from an inadequate and unfair investigation of the claim, where the circumstances of the claim showed it to be valid and covered by the insurance policy.

46. As shown above, GEICO has wrongfully failed and refused to pay the Plaintiff's valid claim for property damage to his automobile as required by the insurance policy mentioned herein, and has negligently or inadequately investigated the Plaintiff's claim, resulting in a denial of said claim in violation of statutes requiring insurers to investigate and settle the claims of its insured in good faith.

47. As a result of the wrongful failure of GEICO to pay the valid claim of property damage, the Plaintiff has suffered property loss as described herein and is entitled to recovery.

**WHEREFORE,** the Plaintiff respectfully requests the Court award such damages as may be found by a finder-of-fact in this matter as follows:

a. Damages for breach of contract and payment for the value of the Plaintiff's automobile.

b. Such damages as may have arisen from GEICO's breach of contract including loss of use of the Plaintiff's automobile and other such consequential damages as may have arisen.

c. Such damages as may have arisen from GEICO's misrepresentation of its claims policies and procedures, including payment for the Plaintiff's automobile and loss of use of the automobile, and other such consequential damages as may have arisen.

d. Damages for unfair trade practices and bad faith as may be found pursuant to state law, including payment for the Plaintiff's automobile, loss of use of the Plaintiff's automobile and other such consequential damages as may have arisen.

e. For treble damages as may be awarded by state law.

f. Damages for insurance bad faith or violation of prohibited insurance practices such as inadequate investigation of the Plaintiff's claim resulting in denial and failure to pay a claim valid on its face requiring litigation by the Plaintiff to recover.

g. For such attorney fees and costs as may be awarded by the Court under the law or by contract.

h.   For such further relief as the Court deems just and proper.

                Respectfully Submitted,
                Montoya Law, Inc.

                By:

                *(Original Signed by)*

                _____
                Dennis W. Montoya, Esq.
                Attorney for Plaintiff
                P.O. Box 15235
                Rio Rancho, NM 87174-0235
                (505) 246-8499